**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Supreme Chicken, Inc.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                         :
                                                               :    Chapter 11
SUPREME CHICKEN, INC.                                          :
                                                               :    Case No.: 10-77253
                        Debtor.                                :
------------------------------------------------------------- x

## LOCAL BANKRUPTCY RULE 1007-4 AFFIDAVIT

STATE OF NEW YORK     )
                      ss.:
COUNTY OF NEW YORK    )

Angaad Sooknandan, being duly sworn, deposes and states:

1. I am the President of Supreme Chicken, Inc., a New York corporation (the "Debtor"). I submit this affidavit pursuant to Rule 1007-4 of the Local Rules of this Court.

2. The Debtor intends to file a voluntary Chapter 11 petition with the clerk of this court on or about September 16, 2010.

3. There is no other or prior bankruptcy case filed by or against the Debtor.

4. The Debtor is not a small business debtor as defined in §101(51D) of the Bankruptcy Code. The Debtor is a single asset real estate debtor.

5. There has not been a committee of creditors organized prior to the order for relief in this Chapter 11 case.

6. The Debtor owns real property located at 9501-9 Avenue L, aka 1393/1403 East 95th Street, Brooklyn, New York 11236 (the "Property"). The Debtor purchased the Property in 1998. The Debtor believes the Property is worth at least $850,000.00.

7. The Debtor's financial difficulties arose as a result of the downturn in the economy. In addition, the Debtor was advised by a real estate consultant that it would be able to restructure its mortgage loan with Flushing Savings Bank. The real estate consultant was unsuccessful and I, on behalf of the Debtor, negotiated the terms of a restructuring with Flushing Savings Bank. Flushing Savings Bank backed out of the agreement and commenced a foreclosure action against the Property. The contractual debt service to Flushing Savings Bank is approximately $6,500 per month. The Debtor believes that it has equity in the Property and the ability to meet debt service payments or otherwise restructure the loan in a fair and equitable manner.

8. The Property is a mixed-use building located in the Canarsie area of Brooklyn. The ground floor is occupied by a restaurant and night club owned by Night Flight, Inc. ("Night Flight"). Night Flight is an affiliate of the Debtor and I am the sole owner of Night Flight. Night Flight does not have a written lease. Night Flight was not paying rent due to a dispute with the receiver. Night Flight shall pay $4,000 per month in rent, which is the current market rate. Night Flight is the sole occupant of the ground floor space. An accountant leases a portion of the upstairs space at the Property at $1,500 per month. Three offices are vacant.

9. Annexed hereto as **Exhibit "1"** is the list of the Debtor's 20 largest unsecured creditors, excluding insiders.

10. Annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured creditors.

11. Annexed hereto as **Exhibit "3"** is an estimated balance sheet (unaudited).

12. The Debtor is a corporation. The Debtor has no publicly held securities.

13. There is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person, except that Jay Berman has been appointed a receiver of rents for the Property in the foreclosure action commenced by Flushing Savings Bank. The Debtor intends to demand that the receiver turn over control of the Property to the Debtor as a debtor-in-possession pursuant to §543 of the Bankruptcy Code. Upon information and belief, the receiver has approximately $57,000 in its operating account. However, the receiver has not provided an accounting. The Debtor does not believe that the receiver is properly managing the Property.

14. The Debtor's office is located at 3834 Carrel Boulevard, Oceanside, New York 11572, where I reside.

15. The Debtor's substantial assets consist of the Property. The Debtor's books and records are located at 3834 Carrel Boulevard, Oceanside, New York 11572. In addition, Jay Berman is in possession of the Debtor's books and records.

16. The Debtor is a party to a mortgage foreclosure proceeding in the Supreme Court of the State of New York, County of Kings. To the best of my knowledge, the Debtor is not a party to any other litigation. In the context of the foreclosure action, the receiver has sought to hold the Debtor and myself as the Debtor's president in civil contempt for failure to turn over records and failure to pay use and occupancy for the ground floor restaurant space.

17. As the Debtor's President, I handle the Debtor's day-to-day affairs, subject to the receivership order. The Debtor has no employees. The Debtor has no payroll.

18. The Debtor does not propose to make any payments to the Debtor's officers, stockholders and directors for the 30 day period following the filing of the Chapter 11 petition.

19. For the thirty (30) day period following the commencement of the Chapter 11 case, the Debtor expects to collect $5,500 and disburse approximately $0.00.

20. The Debtor intends to continue in the operation of its business and management of its property pursuant to the provisions of Chapter 11, Title 11 of the United States Code.

21. The Debtor verily believes that under the aegis of the Bankruptcy Court, it will be able to restructure its loan with Flushing Savings Bank.

By: /s/ Angaad Sooknandan
Angaad Sooknandan

Sworn to before me this
16th day of September, 2010

/s/ Karen Menendez
Karen Menendez
Notary Public, State of New York
No. 01ME6187810
Qualified in Queens County
Commission Expires May 27, 2012