UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____X

In re:                                                                    Case No. 8-10-77253-reg

                                                                          Chapter 11
SUPREME CHICKEN INC.,

                                          Debtor.
_____X

**EMERGENCY APPLICATION BY STATE COURT RECEIVER FOR (1) RELIEF FROM THE AUTOMATIC STAY IN CONNECTION WITH THE ACTION ENTITLED *IN RE:SUPREME CHICKEN*, UNDER CASE NO. 8-10-77253-REG AND (2) EXCUSING THE RECEIVER FROM THE OBLIGATION TO TURNOVER ANY RENTS AND PROFITS TO BE COLLECTED BY HIM IN HIS CAPACITY AS RECEIVER**

### PRELIMINARY STATEMENT

Jay A. Berman (the "Receiver") by his counsel, Jeffrey Saltiel, Esq. of Wenig Saltiel LLP submits this Emergency Application by Order to Show Cause seeking (1) relief from the automatic stay in connection with the action entitled *In Re: Supreme Chicken Inc. under Case #8-10-77253-reg* and (2) excusing the Receiver from the obligation to turnover any possession and rents and profits to be collected by him in his capacity as Receiver.

### STATEMENT OF FACTS

1. On September 16, 2010 (the "Petition Date") Supreme Chicken Inc. (the "Debtor") filed its voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court") and an order for relief was simultaneously entered therewith.

1

2.	The Debtor is a corporate debtor and is represented by Scott Markowitz, Tarter Krinsky & Drogin LLP..

3.	The Office of the United States Trustee (the "U.S. Trustee's Office") has not appointed an Official Committee of Unsecured Creditors in this case.

4.	On September 16, 2010, the Court issued a notice of deficient filing, indicating that the list of equity security holders had not been filed and was due by September 30, 2010 together with all other incomplete filings.

5.	The Debtor has also failed to file any of the required documentation for a small business debtor such as a balance sheet, cash flow statement, statement of operations and tax return.

6.	The Petition indicates that the Debtor does not believe that there will be assets available for the distribution to creditors.

**EVENTS PRECEDING BANKRUPTCY**

7.	Prior to the Petition Date, on March 12, 2009 Flushing Savings Bank commenced an action in foreclosure in Supreme Court, Kings County under index #6019/09 against Debtor for the premises known as 9501-9509 Avenue L a/k/a 1383/1405 East 95th Street, Brooklyn, NY ("Subject Building"). The Debtor not only owns the property but either occupies it or "leases" it to a related entity which operates it as a catering hall and bar and restaurant. Additionally, there is a tenant in the premises who currently pays rent to the receiver.

8. On July 13, 2009 Jay Berman was appointed Receiver for the Subject Building by the Supreme Court, Kings County (Hon. Baily-Schiffman), copy of Order annexed hereto as Exhibit "A".

9. Thereafter Jay Berman, by Order to Show Cause returnable February 19, 2010, sought to hold Debtor in contempt for failing to comply with the Order of Appointment in that, inter alia, records, documents and security moneys were not turned over.

10. On February 29, 2010, Debtor consented to an Order that provided (1) Defendant shall turn over all leases, rent records, and ledgers by March 5, 2010 to the Receiver's counsel, (2) Defendant shall turn over all security deposits being held to the Receiver's counsel by February 28, 2010, (3) Use and occupancy for the first floor of the premises was fixed at $7,500.00 per month, (4) A total of $22,500.00 was outstanding from December 2009 through February 2010 for the first floor of the premises, (5) Defendant shall pay to the Receiver $7,500.00 by March 5, 2010 and $2,500.00 per month on the 15th day of each of April 2010 through September 2010 and (6) In the event of default in payment, the motion for contempt could be restored to the Court's calendar on letter notice to the Court. A copy of the Order is annexed hereto as Exhibit "B".

11. Debtor failed to comply and upon letter application the Supreme Court (Hon. Loren Baily-Schiffman) restored the matter for hearing on April 26, 2010.

12. On April 26, 2010 the Supreme Court (Hon. Loren Baily-Schiffman) held a hearing at which Debtor was present and represented by counsel but offered no testimony or evidence in its defense.

13. On June 11, 2010 the Supreme Court (Hon. Loren Baily-Schiffman) entered an order finding Debtor in contempt of Court, awarding a monetary judgment to the Receiver, a writ of assistance to eject Debtor and anyone holding under it from the Subject Building, and a Bench Warrant for Debtor's principal's arrest. A copy of the Order, Writ of Assistance and Bench Warrant are annexed hereto collectively as Exhibit "C". Thereafter, your affirmant was contacted by a local elected official who succeeded in negotiating an agreement to avoid the incarceration of debtor's principal and the eviction of the debtor. Unfortunately, the agreement was never signed by the debtor and subsequently approved by the Supreme Court Justice. At this time, there is a contempt warrant which is about to be executed by the NYC Sheriff against the Debtor's principal as well as a pending eviction of the Debtor.

14. The Debtor is obligated pursuant to the Order dated February 19, 2010 to pay $7,500.00 in monthly use and occupancy.

## RELIEF REQUESTED

15. By this motion, the Receiver seeks the following **immediate relief:** (1) relief from the automatic stay in connection with this proceeding and (2) Excusing the Receiver from the obligation to turnover possession of the premises and any rents and profits to be collected by him in his capacity as Receiver.

## BASIS FOR RELIEF

**Relief from Stay in Connection with the Foreclosure Action**

16. Because of the automatic stay, the Receiver is precluded from continuing his management of the Subject Building for the benefit of Flushing Savings Bank, the secured creditor.

17. The Receiver seeks emergency relief from the automatic stay for the purpose of continuing management of the Subject Building.

18. The Bankruptcy Code provides a set method for obtaining relief from stay in 11 U.S.C. 362(d).

19. Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant the Receiver the requested relief from stay because: (a) The bankruptcy case was filed in bad faith to delay, hinder or defraud the Receiver; and (b) the petition was filed with merely a list of creditors and debtors and a few other documents. No meaningful Statement of Affairs or other documents have been filed.

**Excusal of Receiver from Turnover**

20. Section 543 of the Bankruptcy Code requires a custodian with knowledge of the commencement of a case under this title to not make any disbursement from, or take any action in the administration of the property of the debtor except to preserve such property. The subsection also requires delivery to the trustee any property of the debtor including rents, and an accounting. The custodian of property of the estate may be excused after notice and hearing if the interest of creditors would be better served by

permitting a custodian to continue in possession, custody and control of such property. See 11 U.S.C. Section 543.

21.     Requiring turnover in this case would be contrary to the rulings in the state court appointing the Receiver to operate and manage the Subject Premises for the benefit of the secured creditor as the debtor has continued to collect rent and income while not making his mortgage payments. Meanwhile, the Debtor has failed to provide heat to the 2nd and 3rd floors of the premises. The receiver is about to commence the installation of new heat source for the premises.

### STATEMENTS PURSUANT TO LOCAL BANKRUPTCY RULES REGARDING NOTICE OF EMERGENCY RELIEF

22.     The foregoing Application is being made on an expedited basis because without such relief, the Receiver and the plaintiff in the foreclosure case will suffer irreparable harm.

23.     The Bankruptcy Rules allow for expedited proceedings such as this and for emergency relief on notice to the affected parties.

24.     Concurrent with the filing of this Motion and delivery of courtesy copies to Chambers, the undersigned is serving copies of the Motion with Exhibits and Proposed Scheduling Order upon the following via fax and/or e-mail and/or personal delivery (as applicable):

    a.     Office of the U.S. Trustee;

    b.     Scott Markowitz, Tarter Krinsky and Drogin LLP attorneys for the Debtor.

25. Upon entry of the Proposed Order, the undersigned proposes to serve all creditors with copies of the Motion with Exhibits and Scheduling Order via Federal Express.

### REQUEST FOR WAIVER OF REQUIREMENT FOR MEMORANDUM OF LAW

26. Pursuant to Local Bankruptcy Rule 9013-1(b), because there are no novel issues of law presented and the legal authority for the requested relief is set forth herein, the Receiver respectfully requests that the Court waive the requirement of a separate memorandum of law in support of this Motion.

**WHEREFORE,** it is respectfully requested that the Court grant the relief sought herein.

Dated: Brooklyn, New York
September 20, 2010

**Respectfully submitted,
WENIG SALTIEL, LLP
/s/Jeffrey Saltiel**
Jeffrey Saltiel (JS1607)
26 Court Street, Suite 502
Brooklyn, New York 11242
(718) 797-5700
(718) 596-7641 Fax