UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SUPREME CHICKEN, INC., | : | Case No.: 10-77253 (REG) |
| | : | |
| Debtor. | : | |

------------------------------------------------------------ x

**ORDER (I) DENYING RECEIVER'S MOTION TO EXCUSE TURNOVER; (II) DIRECTING RECEIVER TO TURNOVER OPERATION OF THE PROPERTY LOCATED AT 9501-9509 AVENUE L A/K/A 1383/1405 EAST 95TH STREET, BROOKLYN, NEW YORK TO THE DEBTOR AS <u>DEBTOR-IN-POSSESSION; AND (III) GRANTING RELATED RELIEF</u>**

Upon the emergency application ("Application") of Jay A. Berman (the "Receiver") by and through his attorneys Wenig Saltiel LLP dated September 20, 2010; and upon the order to show cause signed by this Court on September 22, 2010, scheduling a hearing on the Application; and upon 3073 Corp.'s joinder to the Application; and upon the objection and request for turnover of Supreme Chicken, Inc., as debtor-in-possession (the "Debtor"), and the Receiver's reply to the Debtor's objection and request for turnover dated October 4, 2010; and the Court having held hearings (the "Hearings") on the Application, and the objection and request for turnover on October 6, 2010 and November 1, 2010; and upon the arguments of counsel for the Debtor, the Receiver, and 3073 Corp., the mortgagee; and upon the record established at the Hearings; it is hereby

**ORDERED**, that the Application is denied except to the limited extent set forth below; and it is further

**ORDERED**, that immediately upon entry of this Order, the Receiver is directed to turn over control and operation of the property known as and located at 9501-9509 Avenue L a/k/a

1383/1405 East 95th Street, Brooklyn, New York (the "Property") to the Debtor as debtor-in-possession; and it is further

**ORDERED**, that immediately upon entry of this Order, the Receiver shall deliver the balance of $30,739.24 to Debtor's counsel, Tarter Krinsky & Drogin LLP ("TKD"), representing the funds currently held in the Receiver's account at Signature Bank after the Receiver deducts the agreed amount of his legal fees, commissions and management fees as set forth in the stipulation annexed hereto as **Exhibit "A"** (the "Receiver Termination Stipulation"); and it is further

**ORDERED**, that the Receiver is authorized to submit the Receiver Termination Stipulation to the state court assigned to the foreclosure action to be "so ordered;" and it is further

**ORDERED**, that TKD shall hold such funds which constitute 3073 Corp.'s cash collateral in its attorney trust account and shall not (except as set forth in this Order) release any of such funds without either the written consent of 3073 Corp. or further order of this Court; and it is further

**ORDERED**, that within ten (10) days from entry of this Order, the Receiver shall provide to the Debtor, by delivering same to TKD, a detailed statement reflecting all income received from the Property and disbursements made from the receivership account from the inception of the receivership through and including the date of entry of this Order; and it is further

**ORDERED**, that the automatic stay is hereby modified solely for the limited purpose of authorizing the Receiver to file with the state court any and all documents and/or pleadings, including the Receiver Termination Stipulation, which may be necessary to terminate the

receivership and permit cancellation of the Receiver's bond required by the order of the state court appointing the Receiver; and it is further

**ORDERED**, that the accounting and expenses of the Receiver as set forth in the Receiver Termination Stipulation is hereby approved and subject to any orders required by the state court, the Receiver is hereby discharged of all responsibilities, duties and obligations with respect to the Property; and it is further

**ORDERED,** that the Debtor shall make adequate protection payments to 3073 Corp., retroactive to October 1, 2010, in the amount of $6,300 per month, which includes real estate tax escrow payments.  The first such payment representing the October 1, 2010 adequate protection payment shall be paid from the funds turned over by the Receiver to TKD.  Subsequent payments shall be made by the Debtor and payable on the 1st day of each successive month (the November 1, 2010 adequate protection payment shall be made immediately upon entry of this Order, and the December 1, 2010 adequate protection payment shall be paid upon the later of December 1, 2010 or the date the Court enters this Order; and it is further

**ORDERED**, that the adequate protection payments required herein shall be without prejudice to 3073 Corp.'s and the Debtor's respective rights as to the allocation of payments under §506 of the Bankruptcy Code; and it is further

**ORDERED,** that the 3073 Corp. reserves its rights to seek further relief from this Court regarding adequate protection and/or stay relief and the Debtor reserves it rights to oppose such relief and/or seek the right to utilize cash collateral.

Dated: Central Islip, New York
 ~~November~~ *December 1*, 2010

>                    */s/ Robert E. Grossman*
>                    HONORABLE ROBERT E. GROSSMAN
>                    UNITED STATES BANKRUPTCY JUDGE