# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------x
FLUSHING SAVINGS BANK, FSB,

                Plaintiff,

-against-

SUPREME CHICKEN, INC., ANGAAD SOOKNANDAN,
NEW YORK CITY DEPARTMENT
OF FINANCE, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, JOHN DOE # 1 through
JOHN DOE # 10, the last ten names being fictitious
and unknown to the plaintiff, the persons or parties
intended being the tenants, occupants, persons, or
parties, if any, having or claiming and interest in or
lien upon the premises described in the Verified
Complaint,

                Defendants.
---------------------------------------------------------------x

Index No. 6011/2009

**STIPULATION: OF FEES; TO DISCHARGE THE RECEIVER; TO CANCEL THE RECEIVER'S BOND; TO DISCHARGE THE SURETY ON THE RECEIVER'S BOND; AND TO TERMINATE THE RECEIVERSHIP**

      **WHEREAS**, Jay Berman was appointed as the Receiver of all of the rents and profits stemming from the premises located at 9501-9509 Avenue L, Brooklyn, NY, which is the subject of this foreclosure action and the note associated with the property was sold to 3073 Corporation,

      **WHEREAS**, on September 16, 2010 Supreme Chicken, Inc. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York and an order for relief was simultaneously entered therewith,

      **NOW THEREFORE**, based upon the Order of the Honorable Robert E. Grossman, United States Bankruptcy Judge, the premises set forth above, and the mutual promises set forth below,

**IT IS HEREBY STIPULATED AND AGREED** by all of the following:

    (a) attorneys for Plaintiff and new holder of the note;

    (b) Defendant Supreme Chicken;

    (c) attorney for the Receiver;

    (d) attorney for the Defendant Supreme Chicken;

    (e) attorney for the Debtor, Supreme Chicken Inc., in the Bankruptcy Proceeding.

(1) That the receivership established by Order of the HON. LOREN BAILY-SCHIFFMAN dated JULY 13, 2009 is hereby terminated and the Receiver and the Surety on his bond are hereby discharged and the Receiver's bond heretofore filed herein is hereby cancelled and the receiver has turned over possession and management of the premises to Debtor in the Bankruptcy proceeding or its designee.

(2) That the Receiver has informally accounted and, except as set forth in the Order of Hon. Robert E. Grossman of the United States Bankruptcy Court for the Eastern District of New York approving the form of this stipulation, no party to this action other than Debtor in the Bankruptcy proceeding has any claim to the balance of funds held by the receiver. The total amount of income coming into the Receiver's hands from July 13, 2009 to September 16, 2010 is $81,029.90. The Receiver is to be compensated in the amount of $4,051.50 for his services, which sum he will receive from the funds on deposit. The receiver's counsel is due $12,644.25 in legal fees and expenses which the Receiver shall pay from the funds on deposit. The Receiver's property manager is due $1,000.00 in management fees for the months of September and October 2010 which the Receiver shall pay from the funds on deposit.

02/11/2030  20:55  15167634350                    ANGAAD                          #0384 P.003/004
10/28/2010  03:03 FAX  718 848 8164       PROC    ATTY                            ☒0002/0002

02/11/2030  11:47  15167634350                    ANGAAD                          #0381 P.004/009

(3)     The Receiver will deliver the balance of the account, $30,739.24 to Counsel for the Debtor in the Bankruptcy Proceeding, Supreme Chicken, Inc. pursuant to the Order of the Honorable Robert E. Grossman, United States Bankruptcy Judge.

(4)     That this stipulation may be executed in counterparts, which counterparts, when taken together, shall constitute the stipulation.

(5)     That the Bench Warrant and Writ of Assistance issued by the Honorable Loren Baily-Schiffman are hereby vacated.

(6)     Facsimile signatures will be deemed to have the same effect as originals.

(7)     That an order to the foregoing effect may be made without notice.

Dated: New York, New York
       October 21, 2010

_____
Scott Markowitz, Esq.
Attorney for the Debtor
Supreme Chicken, Inc.
Tarter Krinksy & Drogin LLP
1350 Broadway
New York, New York 10018


_____
Grace Lee, Esq.
Attorney for Plaintiff in the
Supreme Court action and
the New Owner 3073 Corp.
Lynch & Associates
462 Seventh Avenue, 12th Fl.
New York, NY 10018

_____
Joseph Kasper, Esq.
Attorney for Defendant
Angaad Sooknandan and
Supreme Chicken, Inc.
94-09 101st Avenue
Ozone Park, NY 11416

*[signature]*
Angaad Sooknandan
President of Supreme Chicken Inc.
9501-9509 Avenue L
Brooklyn, NY

---

Jeffrey Saltiel, Esq.
Attorney for the Receiver
Jay Berman
Wenig Saltiel LLP
26 Court Street, Suite 502
Brooklyn, NY 11242

SO ORDERED:

---

HONORABLE LOREN BAILY-SCHIFFMAN