**HEARING DATE:    May 4, 2011**
**HEARING TIME:    1:30 P.M.**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Supreme Chicken, Inc.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

SUPREME CHICKEN, INC.,                                       Chapter 11

                                                             Case No. 10-77253 (REG)

                                              Debtor.
-------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING**
**(I) SETTLEMENT AND RESTRUCTURING OF MORTGAGE LOAN;**
**AND (II) DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE**

TO:     THE HONORABLE ROBERT E. GROSSMAN
        UNITED STATES BANKRUPTCY JUDGE

        Supreme Chicken, Inc., debtor and debtor-in-possession (the "Debtor"), by and through

its counsel, Tarter Krinsky & Drogin LLP, respectuflly submits the following in support of its

motion (the "Motion"), pursuant to §§ 1112(b)(1), 305(a)(1) and 105(a) of the United States

Bankruptcy Code (the "Bankruptcy Code") and Rules 9019, 2002(a)(3), and 2002(a)(4) of the

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for an order authorizing (i)

settlement and restructuring of the Debtor's mortgage loan; and (ii) dismissal of the Debtor's

Chapter 11 case:

**JURISDICTION, VENUE AND STATUTORY PROVISIONS**

        1.      This Court has jurisdiction over the relief sought herein pursuant to 28 U.S.C. §§

157 and 1334.   Venue in this district is proper pursuant to 28 U.S.C. § 1409.   This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are §§ 1112(b)(1), 305(a)(1) and 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## GENERAL BACKGROUND

2.        On September 16, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in the operation of its business in accordance with §§ 1107 and 1108 of the Bankruptcy Code.

3.        The United States Trustee has not appointed an official committee of unsecured creditors in this Chapter 11 case.

4.        On the Petition Date, the Debtor filed its schedules of assets and liabilities and Local Rule affidavit, which included its most recent balance sheet. On October 4, 2010, the Debtor filed its statement of financial affairs.

5.        The Debtor is a single asset real estate debtor. The Debtor's sole asset consists of the real property located at 9501-9 Avenue L, a/k/a 1393/1403 East 95th Street, Brooklyn, New York 11236 (the "Property"). The Debtor purchased the Property in 1998.

## BACKGROUND RELEVANT TO THIS MOTION

6.        Prior to the Petition Date, the Debtor executed and delivered a note, dated September 29, 2005 (the "Note"), to Flushing Savings Bank, FSB ("FSB"), whereby the Debtor promised to pay FSB the principal amount of $600,000.00. The Note was accompanied by a mortgage, executed and delivered to FSB in the principal amount of $600,000.00, secured by the Property (the "Mortgage").

7.        On or about March 12, 2009, FSB commenced a foreclosure action against the Debtor in Supreme Court of the State of New York, Kings County under Index No. 6011/09.

FSB's foreclosure action was stayed as of the Petition Date.

8.      In the context of the mortgage foreclosure action, the state court appointed a receiver of rents to manage the Property and collect rents.   During the Chapter 11 case, the Debtor sought turnover from the receiver and after several hearings, this Court entered an order terminating the receivership and directing the receivre to turnover the monies in his receivership account to Debtor's counsel.   Debtor's counsel is currently holding $23,897.24 in escrow.[1]

9.      On or about September 17, 2010, 3073 Corp. purchased the Note and Mortgage from FSB, which it subsequently transferred to 9501-9509 Avenue L Funding Corp. ("Funding Corp."). Funding Corp. asserts that it holds a secured claim in the amount of at least $999,975.07, inclusive of default interest, protective advances and legal fees.   By order of the Bankruptcy Court, dated December 1, 2010, the Debtor is obligated to make adequate protection payments to Funding Corp., retroactive to October 1, 2010, in the amount of $6,300 per month. The Debtor is current on its adequate protection payments and has filed its monthly operating reports.

10.      The Debtor and Funding Corp. have engaged in settlement discussions and have agreed to restructure the Mortgage.   The settlement between Funding Corp. and the Debtor with respect to the Mortgage restructure is embodied in a stipulation which is more particularly described below.

## THE STIPULATION

11.      As set forth above, the Debtor and Funding Corp. were able to reach a settlement which the Debtor believes is in the best interest of the bankruptcy estate, and will avoid the costs and uncertainty of a contested plan confirmation process in a single asset real estate case.   The

---

[1] As per an order entered by this Court on or about December 1, 2010, Debtor's bankruptcy counsel paid $6,300 from the receivership funds as adequate protection to the lender.

settlement will enable the Debtor to retain the Property and hopefully refinance upon stabilization of the Property.

12.      The settlement is embodied in the Stipulation annexed hereto as **Exhibit "A."** Interested parties are referred to the Stipulation of Settlement for a complete understanding of its terms.

13.      The more salient terms of the Stipulation are as follows:

(a)      In full satisfaction of Funding Corp.'s claim, the Debtor shall pay to Funding Corp., $700,000.00 no later than 5:00 p.m. EST on March 15, 2011.[2]  If the Debtor fails to pay $700,000.00 to Funding Corp. by March 15, 2011, then the Mortgage shall be restructured as follows:

(i)      The loan shall be set in the amount of $723,000.00, inclusive of unpaid interest, protective advances, and legal fees.

(ii)      The Debtor shall be obligated to pay monthly payments of interest only at an annual simple interest rate of 8% (monthly payments of $4,820.00) for a period of eighteen (18) months (commencing on December 15, 2010), which includes adequate protection payments made pursuant to the Bankruptcy Court's December 1, 2010 Order (ECF Docket No. 39).

(iii)      The Debtor's monthly payments shall commence as of March 1, 2011 and all subsequent payments shall be due on the 1st of every month, through and including June 1, 2012.

(iv)      In addition to the monthly payment of $4,820.00, the Debtor shall make monthly payments of 1/12 of the yearly real estate taxes assessed against the Property.  Additionally, the Debtor shall pay all insurance payments required

---

[2] The Debtor was unable to raise sufficient monies to take advantage of this aspect of the settlement.

under the Mortgage.  Prior to the dismissal of the Debtor's Chapter 11 case, the Debtor shall reimburse Funding Corp. the amount necessary to reimburse Funding Corp. the $14,019.70, less the tax escrow portions of the adequate protection payments made during the months of October 2010, November 2010 and December 2010, pursuant to the Bankruptcy Court's December 1, 2010 Order. All Department of Finance charges will be paid prior to the dismissal of the Debtor's Chapter 11 case (as of March 1, 2011 the amount owed on the Department of Finance website is $1,283.12).

(v)     On June 15, 2012, the Debtor shall pay to Funding Corp., $723,000.00 plus $3,604.42 (which represents the escrow and simple interest for June 1st to June 15th).  Upon payment of the $726,604.42, Funding Corp. shall deliver a satisfaction of mortgage in recordable form, which the Debtor is authorized to record with the Kings County Clerk's Office.

(b)     The Debtor shall execute a deed transferring the Property (the "Deed") to Funding Corp., as well as all required real estate transfer tax documents required by the City and State of New York.  In addition, Angaad Sooknandan shall deliver to Funding Corp. a personal guaranty of the obligations under this Stipulation and the Debtor shall deliver to Funding Corp. a confession of judgment in the amount of $1,045,501.50.  The Deed and all such transfer tax documents shall be held in escrow pursuant to a separate escrow agreement which shall be executed prior to the dismissal of the Debtor's Chapter 11 case.

(c)     In the event the Debtor shall file with any bankruptcy court of competent jurisdiction, be subject to any petition under the Bankruptcy Code, or be the subject of any order for relief issued under the Bankruptcy Code, Funding Corp. shall be entitled to immediate relief

from the automatic stay imposed by § 362 of the Bankruptcy Code and the Debtor irrevocably consents to relief from the automatic stay.  The Debtor acknowledges that any such voluntary Chapter 11 filing shall be deemed to be a bad faith filing.  Any bankruptcy filing by the Debtor shall be transferred to the Honorable Robert E. Grossman, United States Bankruptcy Judge for the Eastern District of New York.

(d)     Within seven (7) business days from execution of the Stipulation, the Debtor shall file and serve a motion to dismiss its Chapter 11 case and seek approval of the settlement from the Bankruptcy Court.

14.     Federal Rule of Bankruptcy Procedure 9019(a) empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate.  The Court's approval is committed to its sound discretion, and may not be set aside "except upon a showing of plain error or abuse of discretion."   Anaconda-Ericson, Inc. v. Hessen (In re Teletronics Services, Inc.), 762 F.2d 185, 189 (2d Cir. 1985).

15.     In making its determination, the Court should not substitute its judgment for that of the trustee or debtor-in-possession, or decide the legal and factual issues raised by the matter sought to be settled.  Rather, it should "canvass" the issues to ascertain that the settlement does not fall below the minimal bounds of reasonableness.

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness," Newman v. Stein, 464 F.2d 689, 693 (2 Cir.), cert. denied, sub nom. Benson v. Newman, 409 U.S. 1039, 93 S. Ct. 521, 34 L.Ed.2d 488 (1972).

Cosoff v. Rodmen (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983); Accord Anaconda-Ericson, Inc. v. Hessen (In re Teletronics Services, Inc.), supra,

762 F.2d at 189; In re Lion Capital Group, 49 B.R. 163, 175 Bank. S.D.N.Y. 1985); In re Carla

Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y., 1984), aff'd, 50 B.R. 764 (S.D.N.Y 1984),

aff'd 50 B.R. 764 (S.D.N.Y. 1985).

16.    Further, in assessing a settlement, the Court should give due consideration to the

informed judgments of the debtor and its counsel, and the principle that the law favors

compromise.   In Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham

Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991), the Bankruptcy Court

observed:

> Further, the court need not conduct a wholly independent
> investigation in formulating its opinion as to the reasonableness of a
> settlement.  We may give weight to the informed judgments of the
> trustee or debtor-in-possession and their counsel that a compromise is
> fair and equitable, See, In re Carla Leather, Inc., 44 B.R. 457 (Bankr.
> S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985), and consider the
> competency and experience of counsel who support the compromise.
> See, In re Texaco, 84 B.R. 893, 17 BCD 483, 18 CBD.2d 1099 (Bankr.
> S.D.N.Y 1988); In re International Distribution Centers, Inc., 103 B.R.
> 420 (S.D.N.Y. 1989).  And indeed, a court may approve a settlement
> even if it believes that the trustee or debtor-in-possession ultimately
> would be successful at trial.  In re Teletronics Services, Inc., 46 B.R.
> 426 (E.D.N.Y 1984), aff'd 762 F.2d 185 (2d Cir. 1985).  Finally, we
> must consider the principle that "the law favors compromise."  In re
> Blair, supra 538 F.2d at 851.

17.    Finally, as the Court of Appeals for the Eleventh Circuit stated: "public policy

strongly favors pre-trial settlement in all types of litigation because such cases, depending on

their complexity, can occupy a court's docket for years on end, depleting resources of parties and

the taxpayers while rendering meaningful relief increasingly elusive."  Matter of Munford, Inc.,

97 F.3d 449 (11th Cir. 1996).  In addition, as the Eleventh Circuit went on to state in Matter of

Munford, supra, "litigation costs are particularly burdensome on a bankrupt estate given the

financial instability of the estate."

18.    The Debtor respectfully submits that when this Court "canvasses" the issues surrounding the proposed settlement, it should conclude, as does the Debtor and its counsel that the settlement does not "fall below the lowest point in the range of reasonableness."

19.    The Debtor believes the settlement embodied in the Stipulation is fair and reasonable, based upon its business judgment.  Indeed, the Debtor has reached an agreement with Funding Corp. to restructure the Mortgage at a discount.  The settlement will enable the Debtor to retain the Property and make payments for a period of time which should allow the Debtor to refinance the Property or sell the Property to satisfy the loan.  Funding Corp. is accepting a significant discount off the full amount it is owed, including default interest and tax advances. The Stipulation will resolve this single asset real estate case.  As this Court is well aware, single asset real estate cases can be extremely difficult to confirm over the objection of a senior secured lender when there are no other consensual mortgages. The Stipulation will avoid the costs and uncertainty of a contested confirmation hearing which involves issues of valuation, feasibility and the ability to obtain an impaired accepting class.

## DISMISSAL OF DEBTOR'S CHAPTER 11 CASE

20.    Section 1112(b)(1) of the Bankruptcy Code provides, in pertinent part, that "on request of a party in interest … the court shall … dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."  11 U.S.C. § 1112(b)(1).  Although the statute sets forth specific examples of cause, it is well settled that courts can dismiss a case for reasons other than set forth in the statute.

21.    The decision to dismiss a case under § 1112(b)(1) rests with the sound discretion of the bankruptcy court and must be made on a case-by-case basis.  See e.g. In re Dark Horse Tavern, 189 B.R. 576, 580 (Bankr. N.D.N.Y. 1995); In re Gucci, 174 B.R. 401, 401 (Bankr.

S.D.N.Y. 1994).  The legislative history to § 1112(b) of the Bankruptcy Code indicates that the gorunds set forth in § 1112(b) are non-exclusive so that a bankruptcy court is able to dismiss a chapter 11 case for any reason cognizable to its equity powers.  H.R. Rep. No. 595, 95th Cong., 2d Sess. 405-406 (1978); See In re Townheim, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995).

22.     Dismissal is appropriate where the Court determines that the debtor is unable to effectuate any confirmable plan.  See In re 266 Washington Assocs., 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992) aff'd 147 B.R. 827, 832 (E.D.N.Y. 1992); In re 499 W. Warren St. Assocs., Ltd., 151 B.R. 307, 314 (Bankr. N.D.N.Y. 1992).  Some courts have held that when a debtor requests dismissal of a voluntary case, the court should grant the request unless a party opposing the request can demonstrate "plain legal prejudice" to creditors.  See Mazzocone, 183 B.R. at 411.

23.     Here, the Debtor has no further need to remain in Chapter 11.  The Debtor has successfully obtained a consensual restructuring of the Mortgage, which was the sole reason for the Chapter 11 filing.  Since the Debtor has few unsecured creditors holding relatively small claims, there is simply no need to proceed with a plan and disclosure statement to effectuate the loan restructuring.  As such, a dismissal is appropriate under these circumstances.  See Woodbrook Assocs., 19 F3d 312, 317 (7th Cir. 1994) (the very purpose of § 1112(b) is to cut short the plan confirmation process where it is pointless).

24.     As an alternative to § 1112(b)(1), §305(a) of the Bankruptcy Code authorizes the Court to dismiss a case if the interests of creditors and the debtor would be better served by such dismissal.  Here, both the Debtor and Funding Corp. desire dismissal of the Chapter 11 case in view of the settlement.  The cost of remaining in Chapter 11 and proceeding with a loan restructuring as part of a plan is unecessary and not cost effective under the circumstances of this case.  The Debtor has no further need for the protections afforded under Chapter 11 of the

Bankruptcy Code, and pursuant to the settlement agreement with Funding Corp., the Debtor is obligated to seek dismissal of its Chapter 11 case.

### NOTICE

25.    In accordance with Federal Rules of Bankruptcy Procedure 2002(a)(3) and 2002(a)(4), a copy of this motion and all exhibits have been provided by first class mail to (i) counsel for Funding Corp.; (ii) the Office of the United States Trustee; (iii) and any party that filed a notice of appearance; and (iv) all creditors listed on the Debtor's schedules and/or who filed a proof of claim.

**WHEREFORE**, it is respectfully requested that the Court grant the Debtor's Motion to approve the settlement restructuring the Mortgage, dismiss its Chapter 11 case, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
         April 7, 2011

TARTER KRINSKY & DROGIN LLP
*Attorneys for Supreme Chicken, Inc.*
*Debtor and Debtor-in-Possession*


By:     /s/ Scott S. Markowitz
        Scott S. Markowitz
        1350 Broadway, 11th Floor
        New York, New York 10018
        (212) 216-8000